

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COMMERCIAL PROPERTIES ENTERPRISES, INC., ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:17-CV-861-A |
| GREAT LAKES INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Great Lakes Insurance Company, for partial summary judgment. The court, having considered the motion, the response of plaintiffs, Commercial Properties Enterprises, Inc., Commercial Properties, Inc., JAC Berg Family, LP, and Allan Berg Family Trust, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

Plaintiffs originally filed this action in the District Court of Tarrant County, Texas, 141st Judicial District. Defendant filed a notice of removal, bringing the action before this court. Doc.[1] 1. The operative pleading is plaintiffs'

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

amended complaint filed December 11, 2017. Doc. 12. In it, they allege:

Plaintiffs are business entities that own commercial properties in Tarrant County. Doc. 12 ¶ 3. The properties in question are located at 2501 E. Mayfield Road and 3400 S. Watson Road in Arlington (the "properties"). Id. ¶ 6. Plaintiffs purchased from defendant commercial insurance policy number B066479244A12 (the "policy") insuring the properties. Id. ¶ 4. On or about March 17, 2016, the properties suffered damage due to a wind and hail storm. Id. ¶ 12. Plaintiffs reported the claim on April 11, 2016, and defendant retained Claims Adjusting Group ("CAG") as its authorized claims administrator. CAG assigned John Brinkley to the claim as claims adjustor. Id. ¶ 14. Brinkley failed to properly adjust the claim and plaintiffs hired a public adjusting firm, National Claims Negotiators, ("NCN") to create a proper estimate of damages. Id. ¶¶ 16-18. Because defendant's estimate was below plaintiffs' deductible, plaintiffs did not receive any payment for their loss. Id. ¶ 20.

Plaintiffs assert causes of action for breach of contract, violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), violations of the Texas Insurance Code, and breach of duty of good faith and fair dealing.

II.

## Grounds of the Motion

Defendant maintains that plaintiffs cannot prevail on their claims for violation of the DTPA, violations of Chapter 541 of the Texas Insurance Code, and breach of duty of good faith and fair dealing. Doc. 33.

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates

a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Facts Established by Summary Judgment Evidence

The summary judgment evidence establishes:

By property loss notices dated April 8, 2016, plaintiffs reported that the properties suffered hail damage on March 17, 2106. Doc. 35 at 97-102. By letter dated April 11, 2016, defendant acknowledged receipt of the claim. Doc. 38 at 004-05. On April 22, 2016, Brinkley and Kerry Owens, who was retained to assist in quantifying damage and estimating any required repairs, along with plaintiffs' contractor, Sam Rogers, inspected the properties. Doc. 35 at 124. Brinkley and Owens found minimal hail damage. Id. at 124-25. They met with plaintiffs' representatives and Rogers to explain that they would recommend that defendant obtain an independent forensic evaluation by a specializing engineer. Id. at 125. On May 25, 2016, Denis Olsovsky with Haag Engineering inspected the properties, and on June 2 and 8, 2016, issued his reports. Id. at 130-236. By letter dated June 6, 2016, defendant notified plaintiffs that it could neither accept nor reject its claim at the time because further information was required. Doc. 38 at 66. By reports dated July 9 and August 1, 2016, Brinkley forwarded Olsovksy's reports and made

recommendations to defendant as to the claim. Doc. 35 at 237-44. By letter dated July 11, 2016, defendant notified plaintiffs that it would be conducting its investigation under a reservation of rights. Doc. 38 at 006. On August 15, 2016, defendant issued its claims disposition letters to plaintiffs explaining in detail its findings and stating that payment would not be made because the covered portion of their claim fell within the policy deductible and coverage was not afforded for the remainder of the damages. Doc. 35 at 304-17.

Plaintiffs engaged NCN to represent them and Haag Engineering was requested to conduct another inspection of the properties to determine if any of the conditions identified by NCN would change any of Orlovsky's conclusions. Doc. 35 at 246. The follow-up inspection was conducted November 3, 2016, and a supplemental report was issued November 14, 2016. Id. 245-303. Orlovsky's conclusions remained unchanged. Id. at 249. By letters dated January 11 and 12, 2017, defendant, through its attorneys, denied coverage of the claim, explaining in detail its reasons for doing so. Id. at 318-31.

V.

Analysis

A. Texas Insurance Code

To pursue a private action for damages under Chapter 541 of the Texas Insurance Code, plaintiffs must show that they sustained actual damages caused by defendant's engaging in acts or practices defined to be unfair or deceptive. Tex. Ins. Code § 541.151. Defendant says that plaintiffs have no competent summary judgment evidence to establish violations of §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(5), 541.060(a)(7), 541.061(5), and 541.152, as alleged in their amended complaint. That is, they cannot show that they suffered damage as a result of each particular violation. And, they cannot show that defendant violated Chapter 541 in each of the respects alleged.

Pursuant to ¶ 541.060(a)(1), it is an unfair or deceptive act to misrepresent to a claimant a material fact or policy provision relating to coverage at issue. Defendant says that it did not misrepresent any material fact or policy provision; nor did plaintiffs suffer damages as a result of any such act. In response to this ground, plaintiffs focus on defendant's investigation and review of weather information, alleging that it did not use proper sources to determine whether there had been a

hail storm on the date alleged. Doc. 37 at 7-13. Plaintiffs do not identify, however, any misrepresentation to them of a material fact or policy provision. The summary judgment evidence shows that researching weather reports was part of the process of evaluating plaintiffs' claim, but only to assess whether the loss might have occurred on the date alleged. The existence of hail damage, vel non, was determined by inspection of the properties.

Plaintiffs rely upon the same summary judgment evidence to support their allegation that defendant violated ¶ 541.060(a)(7), which provides that it is an unfair settlement practice to refuse to pay a claim without conducting a reasonable investigation with respect to the claim. Doc. 37 at 13. Again, plaintiffs have failed to raise a material fact issue. They have not shown that defendant refused to pay the claim based on the allegedly faulty weather research, much less that the research had any bearing on the denial of the claim.

Plaintiffs also rely on the same summary judgment evidence to support their claim for treble damages under § 541.152. Doc. 37 at 13. They have not shown, however, that defendant "knowingly committed [any] act complained of."

Other unfair settlement practices include the failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's

8

liability has become reasonably clear, § 541.060(a)(2)(A), failure to promptly provide a reasonable explanation for the insurer's denial of a claim, § 541.060(a)(3), and failure within a reasonable time to affirm or deny coverage, § 541.060(a)(4). In this regard, plaintiffs say that defendant violated these provisions by failing to provide them an explanation of its coverage determination until January 9, 2016 [sic], over nine months after the claim was reported. Doc. 37 at 13. The summary judgment evidence reflects, however, that there were communications between plaintiffs and defendant throughout the alleged period of silence. In particular, CAG discussed its findings following the inspection with plaintiffs' representatives and advised that it would recommend that an independent forensic evaluation be conducted by a specialized engineer. Doc. 38 at 87. Plaintiffs understood that the evaluation would depend upon engineer availability and reporting. Id. By letters dated August 15, 2016, defendant denied coverage. Doc. 35 at 304-17. Upon request by plaintiffs, defendant, working with NCN, reinspected the properties and reached the same result. Plaintiffs have not raised a genuine fact issue as to these alleged violations of the Insurance Code.

Plaintiffs failed to respond to the contention that they could not raise a genuine fact issue as to their claims under

9

sections 541.060(a)(5) and 541.061(5). Thus, they have abandoned these claims.

Finally, as defendant notes in its reply brief, plaintiffs have not produced evidence to show that they suffered actual damages as a result of the referenced Insurance Code violations. Doc. 40 at 5. There can be no recovery for extra-contractual damages for mishandling claims unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits. USAA Texas Lloyds Co. v. Menchaca, 545 S.W.3d 479, 500 (Tex. 2018). In other words, the manner in which the claim was investigated or handled must be the cause of the damages alleged. Provident Am. Ins. Co. v. Castaneda, 988 S.W.2d 189, 198-99 (Tex. 1998).

B. DTPA

Defendant next urges that plaintiffs cannot raise a genuine issue of material fact as to any violation of the DTPA. To prevail, they must show that they are consumers and that defendant's violation of the Insurance Code was a producing cause of damages to them. Tex. Bus. & Com. Code § 17.50(a). In response, plaintiffs refer to their discussion of alleged violations of the Insurance Code. Doc. 37 at 15. They make no attempt to show that they are consumers. See Tex. Bus. & Com. Code § 17.45(4). They do not address any alleged violations of

the DTPA other than § 17.50(a)(4). See Doc. 12 ¶¶ 33.D & 34 (referring to §§ 17.46(b)(5), (7), (12), and (31)).³ And, as discussed, they have not raised a genuine fact issue as to the alleged violations of the Insurance Code at issue.

C. Good Faith and Fair Dealing

Defendant maintains that plaintiffs cannot show that it violated its duty of good faith and fair dealing. To prevail on such a claim, plaintiffs must show that defendant had no reasonable basis for denying their claim and that it knew, or should have known, that there was no reasonable basis therefor. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 50-51 (Tex. 1997). "The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim." Higginbotham v. State Farm Mut. Auto. Ins. Co., 103 F.3d 456, 459 (5th Cir. 1997)(citing State Farm Lloyds, Inc. v. Polasek, 847 S.W.2d 279, 284 (Tex. App.--San Antonio 1992, writ denied)). Evidence establishing no more than a bona fide coverage dispute does not demonstrate bad faith. State Farm Lloyds v. Nicolau, 951 S.W.2d 444, 448 (Tex. 1997). Here, plaintiffs rely on their conclusory allegation that defendant's "overall investigation and reliance on the adjuster's and engineer's

---

³The reference to § 17.46(b)(31), concerning synthetic substances, appears to have been a mistake.

11

investigations were [sic] unreasonable and not done in good faith." Doc. 37 at 16. They argue that defendant had and has no reasonable basis for denying coverage but ignore the reports and letters made part of the record, which clearly explain defendant's position. At most, plaintiffs have shown that there is a coverage dispute. They have not demonstrated that there is a genuine issue for trial.

VI.

Order

The court ORDERS that defendant's motion for partial summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims for violation of the DTPA, violation of Chapter 541 of the Texas Insurance Code, and breach of duty of good faith and fair dealing; and that such claims be, and are hereby, dismissed.

SIGNED August 23, 2018.

_____
JOHN McBRYDE
United States District Judge